IN THE UNITED STATES DISTRICT OF TEXAS
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LISA MARIE MEDINA**<br>*Plaintiff* | §<br>§<br>§ | |
| V. | §<br>§ | Civil Action No. 5:17-CV-922-FB-RBF |
| **TBC TRANSPORTATION, LLC**<br>**AND RICHARD NANCE**<br>*Defendants* | §<br>§<br>§<br>§ | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff Lisa Marie Medina ("Plaintiff") and files this her First Amended Complaint complaining of TBC Transportation, LLC and Richard Nance, ("Defendants") and, on information and belief, states as follows:

### I.
### DISCOVERY LEVEL

1.   Discovery shall be conducted in this case according to Level III discovery control plan.

### II.
### PARTIES/SERVICE

2.   Plaintiff Lisa Marie Medina is an individual residing in Bexar County, San Antonio, Texas.

3.   Defendant Richard Nance is an individual residing in Missouri and has already been served with process and may be served with amended pleadings by and through his counsel of record, R. Matt Lair of Espey and Associates, PC 13750 San Pedro Avenue, Suite 730 San Antonio, Texas 78232.

4.     Defendant TBC Transportation, LLC foreign company authorized to do business in Texas and has already been served with process and may be served with amended pleadings by and through his counsel of record, R. Matt Lair of Espey and Associates, PC 13750 San Pedro Avenue, Suite 730 San Antonio, Texas 78232.

## III.
## JURISDICTION & VENUE

5.     Venue is proper in the Western District of Texas because the incident which forms the basis of this lawsuit occurred in Bexar County, Texas.

6.     This Court has jurisdiction court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332.

7.     This is a cause of action for money damages within this Court's jurisdiction.

## IV.
## FACTS

8.     On or about March 31, 2017, Plaintiff was operating a 2016 Silver Mitsubishi Lancer in Bexar County, San Antonio, Texas. She was traveling south bound on IH-35 South near South Laredo Street.

9.     At the same time, Richard Nance, an employee of TBC Transportation, LLC, was driving a 2000 Red Freightliner Tractor Trailer, Missouri License #68AS5T, VIN #1FUPCSZB8YLB93557 operating in the same lane as Ms. Medina. As traffic slowed, Nance could not stop in time, and violently and without warning, struck Ms. Medina's Mitsubishi Lancer, pushing it into a 2016 Mitsubishi Outlander operated by Buena Medranda.

10.     The collision of the TBC Transportation vehicle with Plaintiff's vehicle resulted in damage to the Plaintiff's vehicle as well as severe physical injuries to the Plaintiff.

## V.
## NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT NANCE

11.     Defendant Richard Nance operated his vehicle in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the commercial vehicle in one or more of the following respects:

   a. in driving his vehicle at a rate of speed greater than that which an ordinary person would have driven under the same or similar circumstances, in violation of Texas Transportation Code §545.351;

   b. in failing to timely apply the brakes in an effort to avoid the collision in question;

   c. in failing to drive defensively to avoid the collision;

   d. in failing to make safe decisions while driving;

   e. in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of Texas Transportation Code § 545.401.

12.     Defendant Nance's actions also constitute *negligence per se*, as a result of violations of the above provisions of the Texas Transportation Code.

13.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence *per se*, gross negligence and malice which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of her natural life.

## VI.
## NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT TBC TRANSPORTATION

14. At the time of the occurrence of the act in question and immediately prior thereto, Richard Nance, the driver of the truck owned and operated by Defendant TBC Transportation, was within the course and scope of his employment with Defendant TBC Transportation.

15. At the time of the occurrence of the act in question and immediately prior thereto, Richard Nance was engaged in furtherance of Defendant TBC Transportation's business.

16. At the time of the occurrence of the act in question and immediately prior thereto, Richard Nance was engaged in accomplishing a task for which the driver was employed.

17. Plaintiff invokes the doctrine of *respondeat superior* against Defendant TBC Transportation.

18. Defendant TBC Transportation is liable under the doctrine of *respondeat superior* in that Richard Nance was operating the vehicle in the course and scope of his employment with Defendant TBC Transportation.

19. Defendant TBC Transportation was also negligent in one or more of the following respects:

   a. Negligent hiring of its driver;

   b. Negligent training;

   c. Negligent supervision;

   d. Negligent retention;

   e. Negligent entrustment of the Defendant TBC Transportation's truck to Richard Nance;

   f. Failure to maintain its vehicle in a safe and workable manner;

   g. Defendant TBC Transportation failed to implement adequate safety programs for the prevention of collisions by Defendant TBC

Transportation's employees in violation of motor carrier fleet industry standards; and

h. Defendant TBC Transportation failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

20. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence *per se*, gross negligence and malice which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of her natural life.

## VII.
## DAMAGES

21. As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff Lisa Marie Medina suffered severe and permanent bodily injuries to her head, neck, back, and other parts of her body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused her physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout her body in the future, if not for the balance of her natural life. The Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of her natural life.

22. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

    a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

    b.    Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment, which will, in all reasonable probability, be suffered in the future;

    g.    Lost wages in the past;

    h.    Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

    i.    Mental anguish in the past;

    j.    Mental anguish which will, in all reasonable probability be suffered in the future;

    k.    Fear of future disease or condition;

    l.    Disfigurement;

    m.    Cost of medical monitoring and prevention in the future;

    n.    Property damage; and

    o.    Loss of household services.

23.    As a result, the damages sought are in excess of one million dollars ($1,000,000.00)

## VIII.
## EXEMPLARY DAMAGES

24.    Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

25. The above-referenced acts and/or omissions by Defendants constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

26. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## IX.
## INTEREST

27. Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## X.
## DEMAND FOR JURY TRIAL

28. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lisa Marie Medina respectfully requests Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr St.
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Robert P. Wilson
State Bar No. 2178575

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of November, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record:

R. MATT LAIR
State Bar No. 11795410
ESPEY AND ASSOCIATES, PC
13750 San Pedro Avenue, Suite 730
San Antonio, Texas 78232
Telephone: (210) 404-0333
Facsimile: (210) 404-0336
*Email: espeyservice@lawespey.com

ROBERT P. WILSON